# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

<mark>DATE 11/30/2015</mark>

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 5:23:57 PM
CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS
ASSIGNMENT OF COURT THE COURT OF APPEALS**

TO:     14TH  COURT OF APPEALS

From:     **Deputy Clerk: PHYLLIS WASHINGTON**
          **Chris Daniel, District Clerk**
          **Harris County, T E X A S**

**CAUSE:  2012-30269**

**VOLUME _____     PAGE _____     OR     IMAGE # 66811171**

**DUE  12/26/2015          ATTORNEY 24026105**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:     8/28/2015**

**MOTION FOR NEW TRIAL DATE FILED   9/28/2015**

**REQUEST TRANSCRIPT DATE FILED     NONE**

**NOTICE OF APPEAL DATE FILED     11/27/2015**

**NUMBER OF DAYS: ( CLERKS RECORD )  120**
**FILE ORDERED:  YES ☐   NO ☐   IMAGED FILED:  YES ☐   NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC , C, OA**

CHRIS DANIEL
Harris County, District Clerk

By:  /s/PHYLLIS WASHINGTON
        **PHYLLIS WASHINGTON , Deputy**

**BC        NOTICE OF APPEAL FILED**
**BG        NOTICE OF APPEAL FILED – GOVERNMENT**
**C          JUDGMENT BEING APPEALED**
**D -         ACCELERATED APPEAL**
**OA         NO CLERK'S RECORD REQUEST FILED**
**O          CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)**
**NA         AMENDED NOTICE OF APPEAL**

## NO. 2012-30269

| | | |
|---|---|---|
| ABAD RAMOS ZAMORA AND CANTALINA PADILLA TENDLLLA Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| V. | § § | 164TH JUDICIAL DISTRICT |
| MARIA SANTOS ROMERO AMAYA AND CARLOS ALBERTO CASTRO RUBIO Defendants. | § § § § § | OF HARRIS COUNTY, TEXAS |

## NOTICE OF APPEAL

Defendants, MARIA SANTOS ROMERO AMAYA and CARLOS ALBERTO CASTRO RUBIO, parties to this case, file this Notice of Appeal seeking to alter the trial court's judgment or other appealable order.The trial court, trial court case number and style of this matter are shown in the above caption.

The judgment or order appealed from was signed on August 28, 2015.

MARIA SANTOS ROMERO AMAYA and CARLOS ALBERTO CASTRO RUBIO desire to appeal there was insufiicient evidence to support the judjement in light of all material facts present in this case to send it to the fact finders or without hearing the merit of the case.

This appeal is being taken to either the First or Fourteenth Court of Appeals.

This notice is being filed by MARIA SANTOS ROMERO AMAYA and CARLOS ALBERTO CASTRO RUBIO.

Respectfully submitted,

By:    s/*Gogo U.K. Owor*

GOGO U.K. OWOR
Texas Bar No. 24026105
Email: attorney@gogolaw.net
6475 Hillcroft Avenue, Suite B
Houston, TX 77081
Tel. (713) 778-8000
Fax. (713) 779-4646
Attorney for Defendants
MARIA SANTOS ROMERO AMAYA and
CARLOS ALBERTO CASTRO RUBIO

## CERTIFICATE OF SERVICE

I certify that on November 27, 2015 a true and correct copy of Defendants' Notice of Appeal was served on ANNIE BASU electronically through the electronic filing manager.

/s/*Gogo U.K. Owor*

GOGO U.K. OWOR

2/19/2015 4:40:11 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4219670
By: WILLIAMS, CHANDA D
Filed: 2/19/2015 4:40:11 PM

Pgs-3

ATFEX
7

CAUSE NO. 2012-30269

| | | |
|---|---|---|
| ABAD RAMOS ZAMORA AND CANTALINA PADILLA TENDILLA<br>*Plaintiffs* | § § § § | IN THE DISTRICT COURT |
| Vs. | § | 164th JUDICIAL DISTRICT COURT OF |
| | § | |
| MARIA SANTOS ROMERO AMAYA AND CARLOS ALBERTO CASTRO RUBIO<br>*Defendants* | § § § § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On _____, the Court considered Plaintiffs' Motion for Summary Judgment and requests that the Court enter Summary Judgment in favor of Movants on the claim set forth therein, and against Defendants Maria Santos Romero Amaya and Carlos Alberto Castro Rubio.

After due consideration of the summary judgment evidence, including discovery and documentary evidence, and the argument of counsel, this Court finds that Plaintiffs' Motion is due to be **GRANTED** and makes the following findings:

The Court finds there is no genuine issue of material fact as to Plaintiffs' claim for Breach of Contract and Plaintiff is entitled to summary judgment thereon.

The Court finds that Defendants have asserted a counterclaim for Breach of implied contract in Defendants' original answer; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiffs have proven the claim and have disproved at least one element of Defendants' counterclaim of Breach of implied contract.

The Court finds that Defendants have asserted a counterclaim for Fraud in

*Order on Motion for Summary Judgment*
2012-30269: *Zamora vs. Amaya*
Page 1 of 3

Defendants' original answer and Counterpetition; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiff have proven the claim and has disproved at least one element of Defendants' counterclaim of Fraud.

The Court finds that Defendants have asserted a counterclaim for Quantum Meruit in Defendants' original answer and Counterpetition; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiffs have proven the claim and has disproved at least one element of Defendants' counterclaim of Quantum Meruit.

The Court finds that Defendants have asserted a counterclaim for Unjust Enrichment in Defendants' original answer and Counterpetition; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiffs have proven the claim and has disproved at least one element of Defendants' counterclaim of Unjust Enrichment.

The Court finds that Defendants have asserted an affirmative defense for Doctrine of Release in Defendants' original answer and Counterpetition; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiffs have proven the claim and has disproved at least one element of Defendants' affirmative defense of Doctrine of Release.

The Court finds that Defendants have asserted an affirmative defense for Doctrine of Waiver in Defendants' original answer and Counterpetition; however, Plaintiffs are entitled to a summary judgment as a matter of law because Plaintiff have proven the claim and has disproved at least one element of Defendants' affirmative defense of Doctrine of Waiver.

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Plaintiffs and against Defendants on the claim of Breach of Contract, in the amount of $6000.00 dollars for installment payments, $45,562.00 for inventory and $16,813.43 for attorney fees for a total of $68,375.43.

**IT IS FURTHER ORDERED** that Plaintiffs recover costs of court incurred in the course of this cause in the sum of $~~~~~~~~~~~~~~~~~~. Such judgment, for which let execution issue, shall bear interest at the rate of 5%, compounded annually from the date of this judgment, until paid.

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to enforce this judgment through abstract, execution, and any other process.

This judgment finally disposes of all parties and all claims and is appealable.

Signed on _____.

Signed:
8/28/2015

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

/s/Annie Basu

_____
Annie Basu
Attorney for Plaintiff Abad Zamora
Email: abasu@basulaw.com
P.O. Box 550496
Houston, Texas 77255
Tel. (713) 460-2673
Fax. (713) 690-1508

## NO. 2012-30269

| | | |
|---|---|---|
| ABAD RAMOS ZAMORA AND | § | IN THE DISTRICT COURT |
| CANTALINA PADILLA TENDLLLA | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 164TH JUDICIAL DISTRICT |
| | § | |
| MARIA SANTOS ROMERO AMAYA | § | |
| AND CARLOS ALBERTO CASTRO | § | |
| RUBIO | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

### DEFENDANTS' MOTION FOR A NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Defendants, MARIA SANTOS ROMERO AMAYA and CARLOS ALBERTO CASTRO RUBIO, Movants/Defendants herein, in the interest of justice and fairness, and bring this Motion for New Trial. In support hereof, Movants show the following:

### BACKGROUND

Plaintiffs, ABAD RAMOS ZAMORA AND CANTALINA PADILLA TENDLLLA, filed a motion for summary judgment based on alleged lack of evidence to support Defendants' Counterclaims for Fraud, Quantum Meruit, Unjust Enrichment, Release, Breach of Implied Contract and Waiver without addressing Defendants' Counterclaim of Breach of Contract. They also filed for summary Judgment, alleging that there is no genuine issue of material fact as to their claim for Breach of Contract without addressing other claims, Fraud and Fraudulent Inducement, Common Law Fraud, Violations of the Theft Liability Act, Conversion, Collective Liability, Vicarious Liability plead for in their Original Petition

Defendants filed a response to the motion for summary judgment that there are genuine issue of material fact as to each and every element of Plaintiffs and Defendants Claims and that

1

summary judgment should be denied.

The Court granted the motion for summary judgment and signed a final summary judgment for Plaintiffs without addressing or resolving all claims on August 28, 2015.

Defendants attach hereto Exhibits A and B in support of their Motion for New trial and incorporate here by reference.

FACTS

On or about December 12, 2011, Defendant and Plaintiff entered into a written contract, attached hereto as Exhibit A attached to Defendants' Original Answer on file and incorporated here by reference.

Plaintiffs agree to sale and Defendants agree to buy one Taqueria Ramos "AS IS.".

As a result of this agreement, Defendant paid to Plaintiff the sum of $13,000.00.

Within the first month, Defendant discovered some foul play, whereby, Plaintiffs came in and pull down the menu and later pulled down the façade sign.

Plaintiffs' actions caused Defendants to investigate the contract and the lease of the premises through the landlord.

Defendants were told by the property management that Plaintiffs were not authorized to sublease the space; therefore, Defendants were not legally allowed to conduct business at the premises as new owner.

When confronted by Defendants with these problems, Plaintiffs began abusing and frustrating Defendants causing them to demand for the refund of their $13,000.00 down payment and rescission of the contract. See Exhibit B attached to Defendants' Original Answer on file and incorporated here by reference.

Defendants did remove all inventories to safety, a storage facility, while awaiting a

refund of their Money.

When Defendants realized that Movants will not refund their money, Defendants returned all inventory to mitigate damages. See Exhibit C attached hereto and incorporated here by reference.

Defendant suffered damages.

## ARGUMENT & AUTHORITIES

The Court should grant a new trial because it erred by granting the motion for summary judgment.

The Court erred by granting a final summary judgment on inventories because Defendant did on June 29, 2013 return all inventories to Plaintiffs.

The Court erred by granting the motion for summary judgment because there is a disputed fact issue about the "AS IS" contract, whether as is included the signage on the business, whether the agreement include the lease space, or whether the promise by plaintiffs to defend and be held fully responsible for such lawful claims and demands with respect to the business, if any included claim by the landlord, and whether Defendants are entitled to rescission when Plaintiffs took down the signs and fixture belonging to the business which must be submitted to the jury. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995).

The Court erred by granting the motion for summary judgment because Plaintiffs did not meet their burden of proving, as a matter of law, the element of plaintiffs' performance or tendering of performance according to the terms of the contract when he took down the business fixtures or that Defendant was not entitled to rescission on their claim for breach of contract; nor did the address any element of Defendants' claim of breach of contract. Plaintiffs also did not meet their burden of proving the elements of Defendants Fraud as a matter of law. *Provident Life*

3

*& Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *City of Hous. v. McDonald*, 946 S.W.2d 419, 420 (Tex. App.—Houston [14th Dist.] 1997, writ denied). Unless the movant meets its burden, the burden never shifts to the non-movant. *M.D. Anderson*, 28 S.W.3d at 23; *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

The Court erred by granting the motion for summary judgment because Plaintiffs raised a fact issue on the element of Plaintiffs' performance as to their Breach of Contract {*adverse party*}'s affirmative defense. *Jones v. Tex. Pac. Indem. Co.*, 853 S.W.2d 791, 794 (Tex. App.— Dallas 1993, no writ).

The Court erred by granting the motion for summary judgment because Plaintiffs asserted the affirmative defense of waiver in their original answer and response and provided summary-judgment evidence that raised a fact issue on each element of the affirmative defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 845 (Tex. App.—Houston [14th Dist.] 1996, writ denied). When Plaintiffs removed the fixtures after Defendants substantially performed, they waive their right to performance

The Court erred by granting Plaintiff's final no-evidence motion for summary judgment because Plaintiffs provided summary-judgment evidence that raised a fact issue on Plaintiffs' failure to perform as to Defendants' claim for breach of contract that was not resolved. Tex. R. Civ. P. 166a(i).

The Court erred by granting a final summary judgment purporting to be final because Plaintiffs' motion did not ask for judgment on all claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d

191, 205 (Tex. 2001); *see Nash v. Harris Cnty.*, 63 S.W.3d 415, 416 (Tex. 2001).

A.    Movants request an evidentiary hearing on the allegations raised herein.

**WHEREFORE, PREMISES CONSIDERED**, Movants pray this Court will vacate the judgment in this matter and will grant Movants a new trial for the grounds specified herein and in the interest of fairness and justice, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: ____/s/ *Gogo U.K. Owor*_____
GOGO U.K. OWOR
Texas Bar No. 24026105
Email: attorney@gogolaw.net
6475 Hillcroft Avenue, Suite B
Houston, TX 77081
Tel. (713) 778-8000
Fax. (713) 779-4646
Attorney for Defendants
MARIA SANTOS ROMERO AMAYA and
CARLOS ALBERTO CASTRO RUBIO

## NOTICE OF HEARING

The above and foregoing Defendants' Motion for New Trial is set for hearing on _____ at _____, in the 164TH Judicial District Court of HARRIS County, Texas.

____/s/ *Gogo U.K. Owor*_____
GOGO U.K. OWOR
attorney@gogolaw.net

5

# CERTIFICATE OF SERVICE

I certify that on September 28, 2015 at about 11:50p.m. a true and correct copy of Defendants' Motion for New Trial was served on ANNIE BASU electronically at abasu@basulaw.com, and the electronic transmission was reported as complete.

/s/ *Gogo U.K. Owor*
GOGO U.K. OWOR
E-mail:attorney@gogolaw.net

```
JURN7 (NSA#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     NOV 30, 2015(C1)
INT6510                  CIVIL CASE INTAKE               OPT: _____ -  INT
                       GENERAL PARTY INQUIRY            PAGE:   1 -    1

CASE NUM: 201230269__ PJN> __  TRANS NUM: _____ CURRENT COURT: 164 PUB? _
CASE TYPE: BREACH OF CONTRACT          CASE STATUS: DISPOSED (FINAL)
STYLE: ZAMORA, ABAD RAMOS              VS ROMERO, MARIA SANTOS AMAYA
==============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                         STAT
_     00003-0002 XPL 24026105 RUBIO, CARLOS ALBERTO CASTRO     OWOR, GOGO U.
_     00002-0002 XPL 24026105 ROMERO, MARIA SANTOS AMAYA       OWOR, GOGO U.
_     00001-0002 XDF          ZAMORA, ABAD RAMOS
_     00004-0001 MED 05770500 RENDON, JOSEFINA M.
_     00003-0001 DEF 24026105 RUBIO, CARLOS ALBERTO CASTRO     OWOR, GOGO U.
_     00002-0001 DEF 24026105 ROMERO, MARIA SANTOS AMAYA       OWOR, GOGO U.
_     00001-0001 PLT 24047858 ZAMORA, ABAD RAMOS               BASU, ANNIE


==> (7) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.   10=REFRESH   11=HELP
```